NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JUL 14 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

IGOR POPOV,

Petitioner,

v.

TODD BLANCHE, Acting Attorney
General,

Respondent.

No. 25-2185

Agency No.
A072-940-428

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted June 10, 2026
Pasadena, California

Before: BYBEE, COLLINS, and BRESS, Circuit Judges.

Igor Popov, a native and citizen of Russia and former lawful permanent

resident, petitions for review of a Board of Immigration Appeals ("BIA") order

dismissing his appeal of an immigration judge's ("IJ") decision denying his motion

for reconsideration of the IJ's denial of his motion to reopen. The IJ had denied

Popov's motion to reopen as untimely. "We review the denial of a motion to

_____

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

reconsider for abuse of discretion." *B.R. v. Garland*, 26 F.4th 827, 835 (9th Cir. 2022). We likewise review the denial of a motion to reopen for abuse of discretion. *Cano-Merida v. INS*, 311 F.3d 960, 964 (9th Cir. 2002). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

1. A motion to reopen must generally be filed within 90 days of a final order of removal. 8 U.S.C. § 1229a(c)(7)(A), (C)(i); *Hernandez-Ortiz v. Garland*, 32 F.4th 794, 800 (9th Cir. 2022). Here, Popov was ordered removed in January 2015 based on his convictions for crimes of moral turpitude, but he did not move to reopen his removal proceedings until more than nine years later. Therefore, Popov's motion is timely only if the deadline is equitably tolled. *See Hernandez-Ortiz*, 32 F.4th at 801.

Popov claims that the agency erred in denying him equitable tolling because he moved to reopen within 90 days of a California court order under Cal. Penal Code § 1473.7(a)(1) vacating his convictions. That California law allows "[a] person who is no longer in criminal custody" to "file a motion to vacate a conviction or sentence" on the ground that "[t]he conviction or sentence is legally invalid due to prejudicial error damaging the moving party's ability to meaningfully understand, defend against, or knowingly accept the actual or potential adverse immigration consequences of a conviction or sentence." Cal. Penal Code § 1473.7(a)(1); *see Bent v. Garland*, 115 F.4th 934, 940 (9th Cir. 2024).

"A petitioner seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Bent*, 115 F.4th at 941 (quoting *Holland v. Florida*, 560 U.S. 631, 634 (2010)). "In assessing a petitioner's diligence, we 'consider the petitioner's overall level of care and caution in light of his or her particular circumstances.'" *Id.* at 943 (quoting *Smith v. Davis*, 953 F.3d 582, 599 (9th Cir. 2020)).

In this case, the agency did not commit any error of fact or law in determining that Popov did not act diligently in moving to reopen, and it adequately considered Popov's personal circumstances. "'[W]e measure a petitioner's diligence from the date' on which 'a reasonable person in the petitioner's position is put on notice that something was wrong,'" which is "the date that [the petitioner] received the [notice to appear]." *Id.* at 942 (quoting *Avagyan v. Holder*, 646 F.3d 672, 680 (9th Cir. 2011)) (alterations omitted). As the IJ observed, Popov did not challenge his removal in 2015, or at any point until he filed his motion to reopen in 2024. Further, in the approximately three years after 2017—when § 1473.7(a)(1) went into effect—Popov made no apparent efforts to vacate his conviction. While Popov argues that he was located in Russia and lacked financial resources to afford legal assistance until late 2020, the IJ correctly noted nothing in the record demonstrated that Popov took any "steps on his own to challenge his conviction or removal order." The IJ

fairly observed that Popov did not "provide any details or evidence to support his vague suggestion that he lacked sufficient financial resources." The IJ also reasonably concluded that Popov's efforts after obtaining legal assistance did not reflect sufficient diligence. Regardless of whether we would have weighed the circumstances differently, we cannot say that the agency abused its discretion.

2. Popov also argues that the agency erred in declining to exercise its sua sponte authority to reopen proceedings. However, our review on this issue "is limited to those situations where it is obvious that the agency has denied sua sponte relief not as a matter of discretion, but because it erroneously believed that the law forbade it from exercising its discretion or that exercising its discretion would be futile." *Lona v. Barr*, 958 F.3d 1225, 1234 (9th Cir. 2020) (internal citations omitted). That is not the case here.

**PETITION DENIED.**